UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| William Hoover,<br><br>                    Plaintiff,<br><br>     v.<br><br>Bluestem Brands, Inc. d/b/a Fingerhut,<br><br>                    Defendant. | Civil Action No.:  3:14-cv-00944-FLW-DEA |

## FIRST AMENDED COMPLAINT

Plaintiff, William Hoover, says by way of First Amended Complaint against Defendant, Bluestem Brands, Inc. d/b/a Fingerhut, as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, William Hoover ("Plaintiff"), is an adult individual residing in Little Egg Harbor, New Jersey, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), is a Delaware business entity with an address of 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and is a "person" as defined by 47 U.S.C.A. § 153(39).

## FACTS

6. In or around October 2013, Bluestem began calling Plaintiff in an attempt to collect the Debt.

7. At all times mentioned herein, Bluestem called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice ("automated calls").

8. When Plaintiff answered the automated calls, Bluestem used an automated or prerecorded voice advising Plaintiff to hold for the next available customer service representative.

9. Plaintiff acknowledges the existence of the Debt, but is without adequate means with which to repay it.

10. Plaintiff maintains that he never consented to being called on his cellular phone, however, acknowledges that he there is a Target Credit Card Agreement ("Contract") underlying the parties' dealings, a copy of which is attached hereto as <u>Exhibit A</u>.

11. In early December, Plaintiff spoke with a live representative whom he advised that he was experiencing financial difficulties and could in no way afford to pay the Debt at this time, and requested that all calls to him cease, he revoked consent to be called on his cellular phone.

12. Plaintiff further spoke with Bluestem on at least two more occasions no later than early March 2014 and directed Bluestem to cease all calls to him, thereby revoking consent to be called on his cellular phone—yet again.

13. Despite Plaintiff's repeated requests to stop the calls, Bluestem continued to place automated calls to Plaintiff at an excessive and harassing rate, calling Plaintiff daily, sometimes several times per day.

14. The calls were annoying to Plaintiff and intruded on his right to be free from invasions of his privacy.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Plaintiff never provided his cellular telephone number to Bluestem or the Creditor and never provided his consent to be contacted on his cellular telephone.

16. Without Plaintiff's consent and over his objection, Bluestem contacted the Plaintiff by using an automatic telephone dialing system and by using a prerecorded or artificial voice on his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17. Bluestem continued to place automated calls to Plaintiff's cellular telephone knowing that the Plaintiff revoked consent to be called on his cellular phone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Bluestem was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Bluestem to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Bluestem's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

25. New Jersey further recognizes Plaintiff's right to be free from invasions of privacy. Thus, the Defendant violated New Jersey state law.

26. The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to

[his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

27. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

28. As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

29. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

## COUNT III

### REQUEST FOR DECLARATORY RELIEF – 28 U.S.C. § 2201, *et seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

32. In response to Plaintiff's TCPA claim, Defendant relies on the affirmative defenses of prior express consent and ineffective revocation, both of which are based on the Target Credit Card Agreement ("Contract") underlying the parties' dealings, a copy of which is attached hereto as Exhibit A.

33. However, Plaintiff did not agree to be hounded with relentless automated calls to his cellular telephone nor did he agree to forego his right to be free from unwanted invasions to his privacy.

34. An actual and justiciable controversy exists regarding Plaintiff's rights under the Contract and a declaratory judgment is necessary and appropriate to determine the rights and duties of the parties pursuant to the Contract.

35. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. An Order from this Court declaring and setting forth Plaintiff's rights under the Contract; and

4. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 9, 2014

                                                      Respectfully submitted,

                                                      By: /s/ Sofia Balile

                                                    Sofia Balile, Esq.
                                                  Lemberg & Associates LLC
                                                  1100 Summer Street
                                                  Stamford, CT 06905
                                                  Phone: (917) 981-0849
                                                  Fax:    (888) 953-6237

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 9, 2014, a true and correct copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court District of New Jersey Electronic Document Filing System (ECF), which sent notice of such filing to the following:

Christopher N. Tomlin, Esq.
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
tomlinc@ballardspahr.com
*Attorney for Defendant*

              By /s/ Sofia Balile
              Sofia Balile, Esq.